UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
Case No. _____

| | |
|---|---|
| DR. JASON BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| MARLBORO COUNTY SCHOOL ) | **JURY TRIAL DEMANDED** |
| DISTRICT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action seeking declaratory judgment, equitable relief, compensatory and punitive damages, costs, and attorney's fees for discrimination, violation of the 1964 Civil Rights Act, Title VII. This is also an action to remedy violations of the Teacher Employment and Dismissal Act ("TEDA"), S.C. Code Ann. " 59-25-410 to 530 (1990 and Supp. 1992) and Plaintiff's Constitutional Rights.

Specifically, Plaintiff seeks to correct Marlboro County School District's (MCSD) unlawful discriminatory employment practices and to obtain appropriate relief, as he was adversely affected by such practices. As will be stated with greater particularity below, Plaintiff alleges that MCSD engaged in unlawful conduct when it discriminated against Plaintiff on the basis of race and gender and then retaliated against Plaintiff with discipline and discharge after Plaintiff engaged in protected activity.

1

## PARTIES

1. Plaintiff is a Caucasian male citizen of the United States and a resident of Marion County, South Carolina.

2. Plaintiff is informed and believes that Defendant, Marlboro County School District ("MCSD"), is a governmental entity that serves as the governing body for public schools within Marlboro County, South Carolina. MCSD is created pursuant to the laws of the State of South Carolina, domiciled in Marlboro, South Carolina and operating under the laws and Constitution of the State of South Carolina. Defendant may be served a copy of this complaint on their agent for service who is the Superintendent.

3. On information and belief, at all times relevant to the allegations in this complaint, MCSD has purchased liability insurance; and MCSD was authorized to and did waive any immunity from civil liability under state or federal causes of action by purchasing liability insurance, either by contract with an insurance company or by participation in an insurance risk pool that covers the claims raised in this lawsuit.

## JURISDICTION AND VENUE

4. Jurisdiction and Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331,et. seq. and 1367, 28 U.S.C §1343,et. seq and 42 USC §2000 et. seq.

5. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and the employment practices alleged to be unlawful were committed within the jurisdiction

of the United States District Court for the District of South Carolina, Florence Division.

6. On September 4, 2024, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding his charge number 436-2024-00746, informing him of his right to sue defendant in response to his charge of discrimination on the basis of race gender and retaliation.

7. Plaintiff has complied fully with all prerequisites and conditions precedent to the institution of this lawsuit.

## FACTUAL ALLEGATIONS

8. Plaintiff was subjected to discrimination based on race and gender as well as retaliation by Defendants and/or Defendant Representatives. As a result, Plaintiff suffered damages as set forth herein.

9. Compensatory and punitive damages are both sought pursuant to the 1991 Civil Rights Act, et seq. as amended, as well as the 1964 Civil Rights Act, Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said Act.

10. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

11. At all relevant times Defendant is an employer within the meaning of 42 U.S.C. §2000e-(b).

12. Plaintiff was employed with Defendant, most recently as Associate Superintendent, until April 26, 2023, when Defendant notified Plaintiff that he would be demoted to teacher for the upcoming school term; and no cause was given for demotion.

13. Demotion for Plaintiff was and is unreasonable as Plaintiff received a positive performance evaluation, received letters of recommendation from Defendant administration and was performing his duties as Associate Superintendent in a satisfactory manner with no history of discipline.

14. Plaintiff was treated less favorably than his co workers of a different race and gender with respect to salary increases and adherence to established hiring policies and discipline.

15. In 2022, Plaintiff filed a Grievance against a specific board member for his defamatory comments and hostile conduct toward Plaintiff.

16. In disregard of their own policies and due process, Defendant ignored Plaintiff's grievance and provided no response at all.

17. Plaintiff also raised concerns with Defendant regarding hiring practices and job performance of some African American employees, with specific instances including, but not limited to:

   a. Female employee credited years of service she could not have worked;

   b. Defendant disregard for criminal records check or criminal past of some employees;

   c. Plaintiff participation in SLED investigations regarding alcohol on premises; and,

4

    d.    School Board Member(s) lodging personal attacks and publicly making statements about Plaintiff's work performance and personnel matters.

18. Plaintiff complained to the Superintendent and/or Defendant's School Board of unequal treatment in both a letter of concern and later in a second grievance; and in response to Plaintiff's protected activity and/or participation in SLED investigations, Defendant notified Plaintiff on April 25, 2023 that he was discharged as Associate Superintendent.

19. During Plaintiff's second filed a grievance with Defendant, Plaintiff was allowed to address Defendant's School Board; and during his presentation to the Board, Plaintiff raised a number of incidents of unethical or discriminatory conduct.

20. Defendant's School Board ignored Plaintiff's grievances and concerning conduct shared, and demonstrated their disregard for Plaintiff's concerns by voting to deny Plaintiff's grievance on November 6, 2023.

21. To date, Defendant provided no explanation, nor a legitimate business reason for its decision to terminate Plaintiff as Associate Superintendent and offer Plaintiff a demoted position as a teacher.

22. Defendant's discriminatory and retaliatory conduct toward Plaintiff materially changed Plaintiff's work conditions, thus ultimately causing Plaintiff's separation.

23. Defendant's discriminatory and retaliatory conduct of demoting Plaintiff from Associate Superintendent to Teacher was done with malice and ill will towards Plaintiff; and was done to embarrass and damage the professional and personal reputation of Plaintiff.

24. Plaintiff became aware of members of Defendant's School Board discussing his employment and/or separation within the community.

25. Similarly situated employees outside of Plaintiff's protected classes did not receive this treatment of exaggerated and retaliatory demotion that Plaintiff received.

26. On the various dates and occasions, Defendant treated Plaintiff's employment differently than minority employees and/or differently than female employees in special relationship with their supervisor and in an unfair, unequal, and/or harassing way, as explained above, which segregated Plaintiff and adversely affected Plaintiff's status as an employee, because of his race and gender and because of his protected activity.

27. Other Caucasian employees were dismissed without good cause thus exhibiting a pattern of Defendant of reverse race discrimination.

28. Defendant was on notice through Plaintiff's grievances before and after demotion, or Defendant should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees.

29. Defendant's acts of discrimination and retaliation within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

30. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff.

31. As a result of Defendant's demotion discharge and/or constructive discharge of Plaintiff for discriminatory and retaliatory reasons, Plaintiff has suffered economic

loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation

### FIRST CAUSE OF ACTION
### (TITLE VII VIOLATION/ RETALIATION)

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint.

33. The Supreme Court has expressly held that Title VII protects "whites as well as minorities." Lucas v. Dole, 835 F.2d 532, 534 (4th Cir. 1987) (referencing McDonald v. Santa Fe Transp. Co., 427 U.S. 273, 96 S. Ct. 2574, 49 L. Ed. 2d 493 (1975)).

34. Plaintiff was discriminated against when minority employees were given preferential treatment and when females were given preferential treatment; and when Plaintiff engaged in protected activity contesting such preferential treatment and retaliation against him, Defendant demoted and discharged Plaintiff in response to his workplace concerns.

35. At all times complained of, Plaintiff was an employee of Defendant as an Associate Superintendent and was performing satisfactorily with positive reviews and no history of discipline.

36. Plaintiff raised concerns as described above, of unequal treatment in violation of policy, and Plaintiff participated in investigations and tried to enforce policy in a manner that was not discriminatory.

37. In response to Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment action to include hostile work environment, defamation of Plaintiff's work performance and character, termination as Associate Superintendent, offered demoted position of teacher.

38. Plaintiff attempted to grieve Defendant's discriminatory and retaliatory; and Defendant ignored Plaintiff's demands for equal treatment under the law.

39. Plaintiff is unaware of any minority female employees who were demoted and discharged without good cause.

40. Defendant engaged in a practice of discrimination and retaliation and discriminated and retaliated against Plaintiff in the terms and conditions of his employment on the basis of his race and gender all in violation of Title VII of the Civil Rights Act of 1964.

41. Defendant discharged and/or constructively discharged Plaintiff because of his race and gender and in retaliation for protected activity, all in violation of Title VII of the Civil Rights Act of 1964.

42. As a direct and proximate result of the Defendant actions, Plaintiff has suffered, and Defendant is liable to Plaintiff for back pay, front pay, loss of benefits, prospective benefits, pain and suffering, emotional distress, and reputational harm, as well as the reasonable attorney's fees and costs associated with this action. Plaintiff also seeks pre-judgment interest on all damages sought.

43. The willful discrimination and retaliation because of gender and race and retaliation and disparate treatment described above amounts to unlawful discrimination

prohibited by Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and amendments thereto, and is the proximate cause of the Plaintiff's loss of earnings, loss of prospective earnings and benefits, embarrassment, humiliation, mental anguish, and mental suffering, for which the Plaintiff is entitled to an award of actual damages, as well as punitive damages for the willful intentional acts of the Defendant through its agents and employees, as determined by a jury, and for reasonable attorney's fees and costs of this action.

## SECOND CAUSE OF ACTION
### (Violation of Statutory Rights)
### (SC Code Ann. Section 59-25-430,440,450,460)

44. Plaintiff incorporates herein by reference the allegations contained in paragraph 1-43 above.

45. The Teacher Employment and Dismissal Act ("TEDA"), S.C. Code Ann. " 59-25-410 to 530 (1990 and Supp. 1992) protects all those employees statutorily defined as "teacher" for purposes of the TEDA. Pursuant to SC Code Ann. ' 59-1-130, "Teacher" means "any person who is employed…either to teach or to supervise teaching".

46. At all times relevant to this lawsuit, Plaintiff was a credentialed Educator, Director or Professional under the requirements of the South Carolina Department of Education.

47. Plaintiff supervised certified educators in his role as Associate Superintendent.

48. Plaintiff was performing satisfactorily, has always received high performance evaluations, and received no substantial discipline.

49. Defendant discharged Plaintiff as Associate Superintendent and attempted to demote Plaintiff to teacher, without suspension or notice and without advising Plaintiff of his grievance rights under the Teacher Dismissal Act or giving the Plaintiff a fair opportunity to contest the demotions and reductions in pay.

50. Defendant's demotion of Plaintiff and the resulting reduction in pay was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

51. Defendant's decisions to demote, reduce pay, and/or terminate Plaintiff, was not approved by or recommended to the Board first and the termination was in violation of the procedural safeguards outlined in Title 59 of the laws of this state.

52. As a direct and proximate result of Defendant School District's violation of Title 59, Plaintiff suffered a substantial monetary loss, loss of employment and benefits, and impaired professional and personal reputation, all in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Violation of Statutory Rights)
### (Violation of 42 USC § 1983)

53. Plaintiff incorporates herein by reference the allegations contained in paragraph 1-52 above.

54. At all times relevant to this lawsuit, the Defendants were acting under color of state law while engaging in the conduct alleged herein the above.

55. Defendants, acting under the color of state law, acted in a manner that deprived Plaintiff of his constitutionally protected Freedom of Speech, Procedural Due Process and Substantive Due Process rights, privileges or immunity security by the state and

federal constitutions, laws of the United States, statutes, ordinance, regulations, policies, customs, or usage of the State of South Carolina.

56. Defendants denied Plaintiff his grievance rights and terminated Plaintiff as a result of his report of concerning behavior and without investigation, correction or properly considered grievance, in contravention of the laws of this state, to wit, but not limited, as protected by the 1st and 14th Amendments to the United States Constitution and its state constitutional counterpart, all in violation of 42 U.S.C. 1983.

57. At all times relevant to this lawsuit, Defendant allowed its representatives and employees to act in a manner and acted in a manner to carry out unconstitutional acts against Plaintiff without stopping or reversing the unconstitutional actions, even after being placed on notice of the unconstitutional acts.

58. Defendants continued to sanction and subsequently approved the unlawful conduct, and therefore allowed Superintendent and School Board to act or fail to act pursuant to policy or custom of Defendant when Defendant representatives violated Plaintiff's constitutional rights as heretofore alleged.

59. The foregoing actions of Defendants, shock the conscience and were arbitrary, egregious and violated the Plaintiff as he was deprived of his due process rights before and after termination based on false allegations and in retaliation against Plaintiff all in violation of 42 U.S.C. §1983.

60. Defendants acted in a malicious, deliberate, intentional or with a deliberate indifference to the constitutional rights of Plaintiff. Therefore, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be proved at trial.

61. As a direct and proximate result of the constitutional deprivation as previously alleged, Plaintiff suffered a substantial loss in the form, but not limited to, a loss of wages, damage reputation, emotional distress, professional esteem, and other tangibles to be proved at trial, to include past, present and future losses.

62. The monetary loss suffered by Plaintiff as a result of the termination is a protected property interest under the laws of this state and the constitution of the United States of America, and under said laws, Plaintiff could not legally be deprived of this property right without due process of law which protects and is afforded to state employees.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of Title VII and Teacher Dismissal Act and Due Process;

B. Enjoining and permanently restraining these violations;

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory and retaliatory treatment of him, and make him whole for

          all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E.     Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. '12205;

F.     Directing Defendant to pay Plaintiff compensatory damages and damages for his emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. '1311(b)(3) in the amount to be determined by a jury;

G.     For other actual and punitive damages that might be determined by a jury; and,

H.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

                                                                                                     WUKELA LAW FIRM

                                                                                  By:    s/ Pheobe A. Clark
                                                                                       **Pheobe A. Clark**
                                                                                       Federal ID No. 9888
                                                                                       Post Office Box 13057
                                                                                       Florence, SC  29504-3057
                                                                                       Phone:  (843) 669-5634

December 2, 2024                                              Fax:  (843) 669-5150