UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DR. JASON BRYANT, <br><br> Plaintiff, <br><br> v. <br><br> MARLBORO COUNTY SCHOOL DISTRICT, <br><br> Defendants. | C.A. No.: 4:24-cv-06937-JD-TER <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF MARLBORO COUNTY SCHOOL DISTRICT** <br><br> **(JURY TRIAL DEMANDED)** |

Defendant Marlboro County School District ("Defendant" or the "District"), hereby serve their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## **PARTIES**

1. The allegations of Paragraph 1 are admitted upon information and belief.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are denied as stated. Defendant admits that it is purchased liability insurance. Defendant specifically denies waiver of any liability.

## **JURISDICTION AND VENUE**

4. The allegations of Paragraph 4 contain a statement regarding the jurisdiction of this matter, as such, no responsive pleading is necessary. To the extent a responsive pleading is necessary, Defendant does not object to the jurisdiction of this matter.

5. The allegations of Paragraph 5 contain a statement regarding the venue of this matter, as such, no responsive pleading is necessary. To the extent that a responsive pleading is necessary, Defendant does not object to the venue of this matter.

6. The allegations of Paragraph 6 are admitted upon information and belief.

7. The allegations of Paragraph 7 are denied.

## FACTUAL ALLEGATIONS

8. The allegations of Paragraph 8 are denied. Defendant denies any action, or inaction, of Defendant caused or contributed to any damages to Plaintiff.

9. The allegations of Paragraph 9 contain a statement related to Plaintiff's demand, as such, no responsive pleading is necessary. To the extent a responsive pleading is necessary, Defendant denies Plaintiff is entitled to any damages sought.

10. Defendant denies that Plaintiff is entitled to the attorney's fees as sought in Paragraph 10 of Plaintiff's compliant.

11. The allegations of Paragraph 11 are admitted.

12. The allegations of Paragraph 12 are denied as stated. Defendant admits that Plaintiff was employed as the Associate Superintendent. By way of further response, Defendant states that Plaintiff was offered a teachers contract for the 2024-2025 school year. The remaining allegations of Paragraph 12 are denied, and strict proof thereof is requested.

13. The allegations of Paragraph 13 are denied and strict proof thereof is requested.

14. The allegations of Paragraph 14 are denied, and strict proof thereof is requested.

15. The allegations of Paragraph 15 are denied as stated. Defendant admits that in 2022 Plaintiff filed a grievance. The remaining allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are denied.

17. The allegations of Paragraph 17 are denied, and strict proof thereof is requested.

18. The allegations of Paragraph 18 are admitted in part and denied in part. Defendant admits that Plaintiff filed a grievance with Defendant. Defendant is without knowledge of Plaintiff's participation in a SLED investigation. The remaining allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are admitted in part. Defendant admits that Plaintiff filed a second grievance with Defendant. The remaining allegations of Paragraph 19 are denied as stated.

20. The allegations of Paragraph 20 are denied as stated. Defendant admits that Plaintiff grievance was denied on November 6, 2020. The remaining allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 contain a statement related to Plaintiff's knowledge or state of mind, and as such, Defendant is without sufficient information to either admit or deny the allegations of Paragraph. Notwithstanding the aforementioned, the allegations of Paragraph 24 are denied, and strict proof thereof is requested.

25. The allegations of Paragraph 25 are denied as stated. Defendant specifically denies that Plaintiff received exaggerated and retaliatory demotion, furthermore, Defendant denies the insinuation that other employees of Defendant were treated more favorably than Plaintiff.

26. The allegations of Paragraph 26 are denied, and strict proof thereof is requested.

27. The allegations of Paragraph 27 are denied, and strict proof thereof is requested.

28. The allegations of Paragraph 28 are denied as stated. Defendant specifically denies any discriminatory action being taken against Plaintiff. The remaining allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied, furthermore, Defendant specifically denies any discriminatory and/or retaliatory action being taken against Plaintiff.

30. The allegations of Paragraph 30 are denied, furthermore, Defendant specifically denies any discriminatory and/or retaliatory action being taken against Defendant, additionally, Defendant denies that any action or inaction of Defendant had a disparate impact on Plaintiff.

Defendant's facially neutral policies and procedures were applied in a discriminato1y and retaliato1y manner, and in a manner which had a disparate impact on Plaintiff.

31. The allegations of Paragraph 31 are denied, furthermore, Defendant specifically denies any discriminatory and/or retaliatory action being taken against Defendant, additionally, Defendant denies that any action or inaction of Defendant caused or contributed to any damages to Plaintiff.

**FIRST CAUSE OF ACTION**
**(TITLE VII VIOLATION/RETALIATION)**

32. Defendant incorporates by reference herein its responses set forth in Paragraphs 8-31, as if fully reiterated herein verbatim.

33. The allegations of Paragraph of 33 admitted in part. Defendant admits that Title VII protects whites as well as minorities. Defendant specifically denies any insinuation that Defendant's action or inactions in any way violated Title VII.

34. The allegations of Paragraph 34 are denied and strict proof thereof is requested.

35. The allegations of Paragraph 35 are denied as stated. Defendant admits that Plaintiff was employed as an Associate Superintendent. The remaining allegations of Paragraph 35 are denied.

36. The allegations of Paragraph 36 are denied, and strict proof thereof is requested.

37. The allegations of Paragraph 37 are denied as stated. Defendant admits that Plaintiff was offered a teachers contract at the completion of his contract as an Associate Superintendent. The remaining allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied as stated. Furthermore, Defendant points out that Plaintiff Complaint identifies two separate grievances that Plaintiff filed, without interference from Defendant, despite Paragraph 38's insinuation otherwise. Any remaining allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 contain a statement related to Plaintiff's knowledge or state of mind, and Defendant is without sufficient information to either admit or deny the allegations of Paragraph, as such, no responsive pleading is necessary. To the extent a responsive pleading is necessary, Defendant denies Plaintiff insinuation that he was demoted or discharged without good cause, because of his race, or because of his gender.

40. The allegations of Paragraph 40 are denied, Defendant specifically denies that Defendant's action or inactions in any way violated Title VII.

41. The allegations of Paragraph 41 are denied, Defendant specifically denies that Defendant's action or inactions in any way violated Title VII.

42. The allegations of Paragraph 42 are denied, and strict proof thereof is requested. Defendant denies that any action or inaction of Defendant caused or contributed to any damage to Plaintiff and denies any remaining allegations of Paragraph 42.

43. The allegations of Paragraph 43 are denied, and strict proof thereof is requested. Defendant denies any action or inaction of Defendant caused or contributed to any damage to Plaintiff and denies any remaining allegations of Paragraph 43.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF STATUTORY RIGHTS)**
**(SC Code Ann. Section 59-25-430,440,450,460)**

44. Defendant incorporates by reference herein its responses set forth in Paragraph 32-43, as if fully reiterated herein verbatim.

45. The allegations of Paragraph 45 are admitted.

46. The allegations of Paragraph 46 are admitted.

47. The allegations of Paragraph 47 are admitted.

48. The allegations of Paragraph 48 are denied.

49. The allegations of Paragraph 49 are denied as stated. Defendant admits that at the expiration of Plaintiff Associate Superintendent's contract Plaintiff was offered a teaching contract. Defendant would point out that Plaintiff's Complaint identifies two grievances that Plaintiff filed pursuant to the Teacher Employment and Dismissal Act, as such, the remaining allegations of Paragraph 49 are denied.

50. The allegations of Paragraph 50 are denied.

51. The allegations of Paragraph 51 are denied as stated. Defendant asserts that any disciplinary action taken against Plaintiff was done in accordance with Defendant's policies, and that none of Defendant actions or inactions violated any laws of this State.

52. The allegations of Paragraph 52 are denied, and strict proof thereof is requested. Defendant denies any action or inaction of Defendant caused or contributed to any damage to Plaintiff and denies any remaining allegations of Paragraph 52.

### THIRD CAUSE OF ACTION
### (Violation of Statutory Rights)
### (Violation of 42 USC § 1983)

53. Defendant incorporates by reference herein its responses set forth in Paragraphs 44– 52, as if fully reiterated herein verbatim.

54. The allegations of Paragraph 54 are denied as stated. Defendant admits that Defendant acts under the color of law. The remaining allegations of Paragraph 54 are denied,

and Defendant specifically denies any insinuation that any of Defendant's actions or inactions violated any State or Federal Law.

55. The allegations of Paragraph 55 are denied.

56. The allegations of Paragraph 56 are denied. Furthermore, Defendant points out that Plaintiff Complaint identifies two separate grievances that Plaintiff filed, without denial from Defendant, despite Paragraph 56's allegations otherwise. Any remaining allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied.

59. The allegations of Paragraph 59 are denied.

60. The allegations of Paragraph 60 are denied. Defendant specifically denies that Plaintiff is entitled to any award for any damages as none of Defendant's actions or inactions caused or contributed to any damage to Plaintiff.

61. The allegations of Paragraph 61 are denied. Defendant specifically denies that Plaintiff is entitled to any award for any damages as none of Defendant's actions or inactions caused or contributed to any damage to Plaintiff.

62. The allegations of Paragraph 62 are denied as stated. Defendant specifically denies that any actions or inactions of Defendant deprived Plaintiff of any property interest.

In response to Plaintiff's last Paragraph of Plaintiff's Complaint following Paragraph 62, including subparts a-h, Defendant denies that the Plaintiff is entitled to any relief whatsoever and further denies any and all liability with respect to any of Plaintiff's claims. Defendant expressly denies that the Plaintiff is entitled to any of the relief requested in this Paragraph. Except as expressly admitted, the Defendant denies any allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

The District states the following affirmative defenses to the Complaint, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defenses asserted. The Defendant further reserves the right to assert other affirmative defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## GENERAL DENIAL

Any allegations contained in the Complaint that the District did not specifically admit are expressly denied.

## FOR A FIRST AFFIRMATIVE DEFENSE

Some or all of the purported claims in the Complaint fail to state a claim upon which relief may be granted and/or fail to establish the necessary elements of the purported claims.

## FOR A SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims under Section 1983 and Title VII allege a basis or bases of unlawful discrimination different from those specified in Plaintiff's charge filed with the United States Equal Employment Opportunity Commission and/or the South Carolina Human Affairs Commission, such claims are barred.

## FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered any significant, adverse employment action because of race or age as required under section 1983 and Title VII.

## FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are limited in whole or in part by Section 1983 and Title VII.

**FOR A FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages as a result of any act or omission of the District, which is denied, then the amounts of such damages are subject to the limitations afforded by United States law, including the United States Constitution, and Plaintiff is not entitled to damages to the extent that the award of such damages would exceed limits imposed by any applicable law.

**FOR A SIXTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages as a result of any act or omission of the District, which is denied, then, upon information and belief, Plaintiff failed to mitigate damages in a timely or proper fashion. Defendant avers that any backpay amounts allegedly owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the purported claims in the Complaint are barred by the doctrines of waiver, release, accord, satisfaction, estoppel, quasi-estoppel, laches, or unclean hands.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed or was unable to meet established employer work standards, and as such, Plaintiff's Complaint must be dismissed.

**FOR A NINTH AFFIRMATIVE DEFENSE**

The District has, at all times and in all dealings with Plaintiff, acted in good faith toward Plaintiff and in compliance with any and all applicable laws.

## FOR A TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's purported claims are barred by the affirmative defense of laches set forth under Rule 8(c)(1) of the Federal Rules of Civil Procedure.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove, that any constitutional deprivation by the District occurred through an official policy or custom of the District, as required by 42 U.S.C. § 1983.

## FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with Title VII and other applicable laws or requirements.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant exercised reasonable care to prevent and correct any illegal discrimination in the workplace and promulgated policies and procedures in order to achieve same.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any damages in this action. However, in the event Plaintiff recovers damages in this action, the amounts of such damages are subject to the limitations afforded by the United States, including the United States Constitution, and Plaintiff is not entitled to damages to the extent that the award of such damages would exceed limits imposed by any applicable law.

## FOR A FIFTEENTH AFFIRMATIVE DEFENSE

If any action taken by the Defendant or its employees was motivated in part by discrimination which the Defendant denies, the Defendant would have taken the same action irrespective of such motive.

### FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks damages not provided for under the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, et seq., Section 1983, and Title VII of the Civil Rights Act of 1964, as amended, Plaintiff's request is precluded as a matter of law.

### FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant at all times, acted in good faith without any intention to discriminate based on race or gender.

### FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The District reserves the right to assert, and does not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, having responded to the specific allegations contained in the Complaint, having stated its affirmative and additional defenses, the District respectfully prays as follows:

(a) that the Court render judgment for the District;

(b) that the Court dismiss the Plaintiff's Complaint in its entirety with prejudice;

(c) that the Court assess costs and attorney's fees against Plaintiff; and

(d) that the Court award the District such other and further relief as it deems just and appropriate.

[*SIGNATURE BLOCK FOLLOWS ON NEXT PAGE*]

Respectfully Submitted:

DUFF | FREEMAN | SEIBERT, LLC

By: *s/William C. Freeman*
    William C. Freeman, Esquire (FED ID #11906)
    David T. Duff, Esquire (FED ID #623)
    P.O. Box 1486
    Columbia, SC 29202
    Telephone: (803) 790-0603
    Facsimile: (803) 790-0605
    wfreeman@dfs-lawfirm.com
    dduff@dfs-lawfirm.com

Attorneys for Marlboro County School District

February 24, 2025
Columbia, South Carolina